IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JERRY NEEDHAM                                                                    PLAINTIFF

v.                                        Civil No. 2:20-CV-02148

SHERIFF RON BROWN and DR. WHITE                              DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983.  Pursuant to

the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable P.K. Holmes, III, United

States District Judge, referred this case to the undersigned for the purpose of making a Report and

Recommendation.

Currently before the Court is Defendant Sheriff Ron Brown's Motion to Dismiss.  (ECF

No. 12).

## I.        BACKGROUND

Plaintiff filed his Complaint on August 20, 2020.  (ECF No. 1).  Plaintiff's Complaint

alleges the denial of medical care while incarcerated in the Crawford County Justice Center.  (ECF

No. 1).  Specifically, he alleges that Dr. White refused to refer him to the hospital for treatment of

a staph infection from July 18 through August 11, 2020.  (*Id*. at 4, 6).  Plaintiff states that Dr.

White diagnosed the affected area as a rash instead of a staph infection, even though the area had

"filled up with pus" and did not heal.  (*Id*. at 4).  Plaintiff alleges that he told the medical staff and

the "sheriff's department" that he needed to go to the hospital for treatment of the staph infection,

and he was told "they have to do what Medical wants."  (*Id*.).  Plaintiff names Doctor White and

the Crawford County Sheriff's Department for this claim.  (*Id*.).

1

Plaintiff requested leave to amend his Complaint on August 28, 2020, which was granted on August 31, 2020.  (ECF Nos. 8, 9).  Plaintiff filed an Amended Complaint on September 8, 2020, in which he listed Defendant Sheriff Ron Brown in place of the Crawford County Sheriff's Department.  (ECF No. 10 at 2).  In this Amended Complaint, Plaintiff alleges that from July 18 through August 10, 2020, he was denied medical care for a staph infection.  "I ask the Jailers to take me to the hospital [sic], they said no the doctor had to send me."  (*Id*. at 4).  He names Doctor White and "the Sfe Shif Jailers"[1] in the body of the Complaint for his claim.  He further alleges that he still has a staph infection on his head, and it "did something to" the right side of his face and his right eye.  He states his eye is "messed up."  (*Id*.).  He alleges he has severe pain in his head and eye, and is not sure if he will retain the use of his eye, but "they" would not take him to the hospital.  (*Id*. at 5).

Plaintiff proceeds against Defendants in their official and personal capacities.  (ECF No. 1 at 4; ECF No. 10 at 4).  He seeks compensatory and punitive damages.  (ECF No. 1 at 6; ECF No. 10 at 6).

Sheriff Brown filed his Motion to Dismiss on September 24, 2020.  (ECF No. 12).  On September 28, 2020, the Court entered an Order directing Plaintiff to Respond to the Motion to Dismiss by October 19, 2020.  (ECF No. 15).  In the Order, Plaintiff was advised that failure to submit his response by the deadline would result in the dismissal of his case against Defendant Sheriff Brown.  (*Id*.).  This Order was not returned as undeliverable, and Plaintiff remains incarcerated in the Crawford County Justice Center.  To date, Plaintiff has not provided his response, and his sole communication with the Court since entry of the Order is a motion to be relocated to a different facility.  (ECF No. 17).

---

[1]The Court will interpret this as the Sheriff's Jailers.

## II.      LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft,* 556 U.S. at 678.  While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims.  *Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

## III.      ANALYSIS

Sheriff Brown argues he should be dismissed as a Defendant from this case because he is not mentioned in the body of the Amended Complaint and Plaintiff failed to allege any specific actions of his which violated Plaintiff's constitutional rights.  (ECF No. 13 at 4).

The Court agrees.  Merely listing a Defendant in a case caption is insufficient to support a claim against the Defendant.  *Krych v. Hass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (per curiam) (court properly dismissed pro se complaint that was silent as to defendant except for his name appearing in caption)).  Even in an official capacity suit under § 1983, "a plaintiff must show either that the official named in the suit took an action pursuant to an unconstitutional governmental policy or custom ... or that he or she possessed final authority over the subject matter at issue and used that authority in an unconstitutional manner."  *Sexton v. Wayne*, 4:13CV3171, 2014 WL 1767472, at *1 (D. Neb. May

2, 2014) (quoting *Nix v. Norman*. 879 F.2d 429, 433 (8th Cir. 1989).  Here, Plaintiff listed Defendant Sheriff Brown in the caption of the case, but failed to name him in the body of the Amended Complaint, and he made no allegation that any action or inaction of Sheriff Brown's was responsible for the violation of Plaintiff's constitutional rights.

To the extent it could be inferred that Plaintiff named Sheriff Brown due to his supervisory position as Crawford County Sheriff, this also fails to state a plausible claim.  A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *Monell v. Department of Social Services,* 436 U.S. 654, 694 (1978).  "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity."  *White v. Holmes,* 21 F.3d 277, 280 (8th Cir. 1994); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability").  "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.  To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights."  *Clemmons v. Armontrout,* 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006)); s*ee also Kulow v. Nix*, 28 F.3d 855, 859 (8th Cir. 1994) ("if any claim of medical indifference . . . is to succeed, it must be brought against the individual directly responsible for [Plaintiff's] medical care.").

Thus, despite the opportunity to amend, Plaintiff has failed to allege any plausible claim against Defendant Sheriff Ron Brown.

Finally, Plaintiff failed to obey a Court Order and provide a response to the Motion to Dismiss by the deadline.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and

Local Rule 5.5(c)(2), Plaintiff's Amended Complaint against Defendant Sheriff Ron Brown should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV.       CONCLUSION

For the reasons stated above, it is recommended that Defendant Sheriff Ron Brown's Motion to Dismiss (ECF No. 12) be GRANTED and Plaintiff's claims against him be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of January 2021.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE