IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JERRY NEEDHAM                                                                                    PLAINTIFF

v.                                        Civil No. 2:20-CV-02148

DR. WHITE                                                                                        DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable P. K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to obey two Court Orders and failure to prosecute this case.

### I. BACKGROUND

Plaintiff filed his Complaint on August 20, 2020. (ECF No. 1). He filed an Amended Complaint on September 8, 2020. (ECF No. 10). On September 24, 2020, Defendant Sheriff Brown filed a Motion to Dismiss. (ECF No. 12). When Plaintiff failed to file a response to the motion as directed by the Court, his claims against Defendant Brown were dismissed on January 25, 2021. (ECF No. 26).

Plaintiff filed a Motion to Compel on March 4, 2021. (ECF No. 27). Defendant White filed a Response on March 10, 2021. (ECF No. 28). The Motion was denied on March 12, 2021. (ECF No. 29). A copy of the Order was mistakenly mailed to the Garland County Detention Center, and was returned as undeliverable on March 24, 2021. (ECF No. 30). The Order was then

sent to Plaintiff at the Crawford County Detention Center, and this mailing was not returned as undeliverable. (*Id.*).

On June 4, 2021, Defendant Dr. White filed a Motion for Summary Judgment. (ECF No. 31). On June 7, 2021, the Court entered an Order directing Plaintiff to file his response by June 28, 2021. (ECF No. 34). The Order advised Plaintiff that failure to file his response by the deadline would result in either Defendant's facts being deemed admitted or in the dismissal of his case. This Order was not returned as undeliverable. To date, Plaintiff has failed to file his response and has not otherwise communicated with the Court.

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III. ANALYSIS

Plaintiff has failed to comply with two Court Orders. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's Amended Complaint (ECF No. 10) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 2nd day of August 2021.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE